1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   EMMANUEL WELLS,                           No.  2:19-CV-1434-KJM-DMC

12                    Petitioner,

13          v.                                 <u>FINDINGS AND RECCOMMENDATIONS</u>

14   PEOPLE OF THE STATE OF
     CALIFORNIA, et al.,
15
                     Respondent.
16

17

18          Petitioner brings this petition for a writ of habeas corpus. Pending before the court

19   is petitioner's petition for a writ of habeas corpus (ECF No.1).

20          Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

21   dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits

22   annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it

23   is plain that petitioner is not entitled to federal habeas relief.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

# I. PETITIONER'S ALLEGATIONS

On January 26, 2018 petitioner was arrested by police in Roseville, California. Petitioner is currently released on his own recognizance pending trial. He claims that evidence was obtained in violation of his Fourth Amendment rights.

# II. DISCUSSION

### A.        Section 2254

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court lacks jurisdiction here because petitioner is not a person in custody pursuant to the judgement of a State court. See Prince v. Bailey, 464 F.2d 544 (5th Cir. 1972) (affirming denial of appellant's petition for habeas corpus where, at the time of filing application for writ, petitioner was incarcerated awaiting state trial so that his incarceration was not pursuant to a state court judgement and thus lacking federal jurisdiction); see also Inman v. Landry, No. 2:15-cv-00113-GZS, 2016 U.S. Dist. LEXIS 22825, at *4-6 (D. Me. Feb. 23, 2016); Krauel v. Florida, No. 08-14093-CIV-MARTINEZ-B, 2008 U.S. Dist. LEXIS 77437, at *4 (S.D. Fla. July 15, 2008). In this case, petitioner is awaiting his state court trial, as in Prince, and has not been convicted. Section 2254 is inapplicable where the petitioner is not challenging a state court judgment. See McNeely v. Blanas, 336 F.3d 822, 834 n.1 (9th Cir. 2003).

### B.        Section 2241

To the extent petitioner's Fourth Amendment claim is cognizable under 28 U.S.C. § 2241, see McNeely, 336 F.3d at 834 n.1, petitioner is not entitled to relief. A Fourth Amendment claim can only be litigated on federal habeas review where the petitioner demonstrates that the state did not provide an opportunity for full and fair litigation of the claim; it is immaterial whether the petitioner actually litigated the Fourth Amendment claim. See Gordan v. Duran, 895 F.2d 610, 613 (9th Cir. 1990). Here, it is clear from the face of petitioner's

petition that petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim. As petitioner notes in the petition, the trial court held a hearing on petitioner's motion to suppress, which was denied, and the issue was then litigated to the California Court of Appeal and then finally to the California Supreme Court.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (ECF No.1) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE